UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHERON ROSE,
        Plaintiff,

v.                                     CIVIL NO. 3:02CV1806(GLG)

PANOLAM INDUSTRIES
INTERNATIONAL INCORPORATED,
        Defendant.                     DECEMBER 5, 2003

## PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT

Pursuant to Rule 56(a)(2) of the Local Rules of Civil Procedure, Plaintiff, Sheron Rose hereby submits the following statement in response to the facts asserted by the Defendant; and also list of issue(s) of material facts as to which she contended there are genuine issues to be tried:

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     Admitted.

7.     Admitted.

8.     Denied.     Mr. Hicks met with Plaintiff on her first day of work, gave her a binder with information relating to the software, and showed her how to use the software. (Pl. Depo., p. 71.) After the first day, Mr. Hicks provided no additional training. (Pl. Depo., pp. 84, 146, 158; Rose Aff. ¶ 9.) Mr. Hicks

walked Plaintiff through one cash application on the computer software and then she was on her own. (Pl. Depo., p. 75) Mr. Hicks was neither approachable nor available to answer questions. When Plaintiff would attempt to approach Mr. Hicks with a question, he would respond with profanity and foul language and would either get up and leave his office or ignore Plaintiff and return to his computer. Plaintiff would then approach Ms. Bubier with the question. (Pl. Depo., p. 91, Rose Aff. ¶ 13.)

9. Denied.    Plaintiff would perform her duties according to the usual procedures, such as allowing discounts for certain customers, then would be penalized for following prior procedure. (Pl. Depo., pp. 114-116.) At times Mr. Hicks would accuse Plaintiff of permitting an unauthorized discount and when he discovered that she had not made an error, he failed to offer an apology for his incorrect assumption. (Rose Aff. ¶ 18.) Mr. Hicks did not speak with Plaintiff with regard to any errors that may have occurred in following a banking report procedure, nor did Mr. Hicks review or provide a bank report procedure for the Plaintiff. (Pl. Depo., pp. 117-119.)

10. Denied.    Mr. Hicks never offered written or oral constructive criticism. (Rose Aff. ¶ 8.) Mr. Hicks did not have discussions with the Plaintiff with regard to her performance, and no memos were given to the Plaintiff to review.

2

(Pl. Depo., pp. 109-125.)

11.  Denied.    Mr. Hicks did not have discussions with the Plaintiff with regard to her performance, and no memos were given to the Plaintiff to review. (Pl. Depo., pp. 109-125.)

12.  Denied.    Mr. Hicks never offered written or oral constructive criticism. (Rose Aff. ¶ 8.) Mr. Hicks did not have discussions with the Plaintiff with regard to her performance, and no memos were given to the Plaintiff to review. (Pl. Depo., pp. 109-125.)

13.  Denied.    Any errors that may have occurred involved typographical mistakes that were corrected according to policy and procedure with regard to Plaintiff's duties. (Pl. Depo., pp. 121-123.)

14.  Denied.    Mr. Hicks accused the Plaintiff of being unable to speak generally and accused her of not using proper English in the presence of co-workers. (Pl. Depo., pp. 132-134; Rose Aff. ¶ 12.) The comments from Mr. Hicks with regard to the manner in which Plaintiff spoke caused her to feel bad and embarrassed. (Pl. Depo., p. 133.) No other employees or customers ever stated that they were unable to understand Plaintiff's notes or speech. (Ex. A.

3

attached to Def. Memorandum ¶ 5.)

15.   Admitted.

16.   Admitted.

PLAINTIFF'S DISPUTED ISSUES OF MATERIAL FACT:

A.   Whether Defendant's termination of Plaintiff's employment and treatment of Plaintiff while employed amounted to discrimination on the basis of race, color or national origin?

1.   Mr. Hicks met with Plaintiff on her first day of work, gave her a binder with information relating to the software, and showed her how to use the software. (Pl. Depo., p. 71.) After the first day, Mr. Hicks provided no additional training. (Pl. Depo., pp. 84, 146, 158; Rose Aff. ¶ 9.) Mr. Hicks walked Plaintiff through one cash application on the computer software and then she was on her own. (Pl. Depo., p. 75) Mr. Hicks was neither approachable nor available to answer questions. When Plaintiff would attempt to approach Mr. Hicks with a question, he would respond with profanity and foul language and would either get up and leave his office or ignore Plaintiff and return to his computer. Plaintiff would then approach Ms. Bubier with the question. (Pl. Depo., p. 91, Rose Aff. ¶ 13.)

4

2. Plaintiff would perform her duties according to the usual procedures, such as allowing discounts for certain customers, then would be penalized for following prior procedure. (Pl. Depo., pp. 114-116.) At times Mr. Hicks would accuse Plaintiff of permitting an unauthorized discount and when he discovered that she had not made an error, he failed to offer an apology for his incorrect assumption. (Rose Aff. ¶ 18.) Mr. Hicks did not speak with Plaintiff with regard to any errors that may have occurred in following a banking report procedure, nor did Mr. Hicks review or provide a bank report procedure for the Plaintiff. (Pl. Depo., pp. 117-119.)

3. Mr. Hicks never offered written or oral constructive criticism. (Rose Aff. ¶ 8.) Mr. Hicks did not have discussions with the Plaintiff with regard to her performance, and no memos were given to the Plaintiff to review. (Pl. Depo., pp. 109-125.)

4. Mr. Hicks did not have discussions with the Plaintiff with regard to her performance, and no memos were given to the Plaintiff to review. (Pl. Depo., pp. 109-125.)

5. Mr. Hicks never offered written or oral constructive criticism. (Rose Aff. ¶ 8.) Mr. Hicks did not have discussions with the Plaintiff with regard to her performance, and no memos were given to the Plaintiff to review. (Pl. Depo., pp. 109-125.)

6. Any errors that may have occurred involved typographical mistakes that were

5

       corrected according to policy and procedure with regard to Plaintiff's duties. Plaintiff did not make repetitive errors. (Pl. Depo., pp. 121-123.)

7.    Mr. Hicks accused the Plaintiff of being unable to speak generally and accused her of not using proper English in the presence of co-workers. (Pl. Depo., pp. 132-134; Rose Aff. ¶ 12.) The comments from Mr. Hicks with regard to the manner in which Plaintiff spoke caused her to feel bad and embarrassed. (Pl. Depo., p. 133.) No other employees or customers ever stated that they were unable to understand Plaintiff's notes or speech. (Ex. A. attached to Def. Memorandum ¶ 5.)

B.    Whether there was an inference of racial discrimination by demonstrating that similarly situated employees of a different race were treated more favorably?

1. Plaintiff's co-workers were treated more favorably than the Plaintiff and were not subjected to the profanity and foul language of Mr. Hicks, were not followed around the office during the day, did not have their desks searched, were not criticized with regard to the way that they spoke, received more training than Plaintiff, were not badgered from the moment they walked into the office, were not falsely accused of making errors, and received performance evaluations in accord with company policy. (Rose Aff. ¶¶ 7,10-14, 16-18.)

2. Plaintiff and Defendant had a "meeting of the minds" with regard to the offer of an annual salary of $30,000, a 90 day review as part of the company's program, and a performance evaluation after one year of employment. (Shea Aff. Ex. 2.)

C.  Whether the Defendant's actions amounted to intentional and negligent emotional distress?

1. The actions of the Defendant as stated in the complaint caused the Plaintiff to sustain emotional distress. (Pl. Depo., p. 153.)

2. The actions of the Defendant negatively affected the Plaintiff's relationship with her family. (Pl. Depo. p. 153.)

3. The Defendant's actions caused the Plaintiff to suffer mental, physical and emotional harm as well as injury to her self-worth and self-esteem. (Pl. Depo., p. 153.)

 

PLAINTIFF,
SHERON ROSE

By: _____
Ikechukwu Umeugo(ct04536)
Umeugo & Associates, P.C.
840 Orange Ave., 2nd Floor
P.O. Box 26373
West Haven, CT 06516
(203) 931-2680

7

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed this 5th day of December, 2003, via first class mail, postage prepaid to:

James F. Shea, Esq.
Jackson Lewis LLP
55 Farmington Avenue
Suite 1200
Hartford, CT 06105

_____
Ikechukwu Umeugo

UMEUGO & ASSOCIATES, P.C.
ATTORNEYS AT LAW

840 ORANGE AVE., 2ND FL.
P.O. BOX 26373
WEST HAVEN, CT 06516

TEL. (203) 931-2680
FAX (203) 931-2682

8