FILED

2003 DEC -9 P 4: 17

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
NEW HAVEN, CONN.

SHERON ROSE,
    Plaintiff,

v.                                     CIVIL NO. 3:02CV1806(GLG)

PANOLAM INDUSTRIES
INTERNATIONAL INCORPORATED,
    Defendant.                      DECEMBER 5, 2003

## AFFIDAVIT

Sheron Rose, being of sound mind and legal age and having been duly sworn, do hereby depose and say based on my personal knowledge that:

1. I am the plaintiff in the above entitled action and submit this affidavit in support of my motion in objection to defendant's motion for summary judgment.

2. I was the only black female in the work department at Panolam.

3. I am over the age of eighteen years and understand the obligation of an oath.

4. I was hired by defendant on June 20, 2001, experienced discriminatory practices of the defendant and the defendant's employees or agents, namely Mr. Jamie Hicks and Ms. Kathy Bubier during the time of my employment and was terminated on March 8, 2002.

5. I began working for the defendant in 2001 as an Accounts Receivable Clerk.

6. During the time of my employment, I did not receive any written warnings with regard to my performance and did not sign any written warnings in acknowledgment of my receipt.

7. It was my understanding that the terms of my employment included an annual

salary of $30,000, that I would have a review of my performance after 90 days as part of an initial review program, and would receive a performance evaluation after one year of employment. The 90 day review never occurred.

8. Mr. Hicks never offered written or oral constructive criticism, or executed an evaluation of my job performance.

9. On the first day of my employment, I received a red binder which contained computer screen materials and received only one day of training from Mr. Hicks.

10. I observed another member of the Accounting Department hired after me receive approximately two weeks of training for her position.

11. After approximately two months of employment, I noticed that I was being treated differently from my co-workers.

12. Mr. Hicks would swear at me, toss papers at me, and tell me that I was unable to speak proper English. At times he would say that I was unable to speak.

13. Whenever I would ask a question, Mr. Hicks would ignore me or take from two days to one week to answer me.

14. Around late October early November 2001 I began to notice that Ms. Bubier and Mr. Hicks would follow me around the office. I never observed my co-workers being subject to such behavior.

15. In December 2001, Mr. Hicks told me that he did not want me calling customers anymore. I requested extra work to replace that duty; however, he refused and rather chose to complain that he was giving Ms. Bubier all the

work.

16. I observed some of Ms. Bubier's papers mixed with mine on my desk and questioned her about it. Ms. Bubier replied that Mr. Hicks had requested that she perform a search of my desk and refused to respond when questioned as to the reason for the search.

17. When I would arrive to work, Ms. Bubier would approach me with questions as I was walking through the door and before I had an opportunity to hang up my coat; however, I never observed any of my co-workers being badgered before they had a chance to settle into their desks for the day.

18. One morning in late January or early February 2002, Mr. Hicks falsely accused Plaintiff of incorrectly allowing a discount for a particular customer. After Mr. Hicks discovered that Plaintiff had not made an error, he failed to apologize.

19. Just prior to my termination, Mr. Hicks changed the location of my desk to an area of high traffic which made concentrating very difficult.

20. On March 8, 2002, I was called into Mr. Hicks office and he along with Ms. Metz informed me that I was being terminated. The paperwork that I was given stated the reason for termination as the inability to satisfactorily perform job.

21. Mr. Hicks escorted me to my desk to get my personal belongings and then to the door.

_____
SHERON ROSE

_____
CHRISTINE D. BENHAM, ESQ.
COMMR. OF SUPERIOR COURT