UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| SHERON ROSE, : | |
|     Plaintiff, : | |
| : | CIVIL NO. 3:02 CV 1806 (GLG) |
| v. : | |
| : | |
| PANOLAM INDUSTRIES INTERNATIONAL, : | |
| INCORPORATED, : | |
|     Defendant. : | JANUARY 5, 2004 |

---

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure and Local Rule 56 of this District, Defendant Panolam Industries International, Inc. ("Panolam") respectfully submits the following Reply Memorandum of Law in support of Defendant's Motion for Summary Judgment and in response to Sheron Rose's ("Plaintiff") Motion in Objection to Defendant's Motion for Summary Judgment ("Opposition Memorandum"). Plaintiff's Opposition Memorandum makes clear that the parties do not disagree on any material issue of fact. Thus, even if this Court accepts as true all of the material facts set forth in Plaintiff's Opposition Memorandum, Panolam is entitled to summary judgment as a matter of law.

    A.    <u>Plaintiff Failed To Present Evidence Of Discriminatory Conduct In Support of Her Hostile Work Environment Claim In The Third Count</u>

On page 9 of her Opposition Memorandum, Plaintiff cites to a series of race-neutral events and claims that they support the existence of a hostile work environment.[1] Even

---

[1] Specifically, Plaintiff claims that "Mr. Hicks and Ms. Bubier followed her through the office, that Ms. Bubier searched her desk, that Mr. Hicks relocated her to a cubicle in a distracting position in the office, that Mr. Hicks did not provide training, and that Mr. Hicks subjected her to profanity at work. Plaintiff also claims that her co-worker, Ms. Bubier failed to give her common courtesy when she first arrived to work in the morning and spoke harshly to

accepting the truth of Plaintiff's allegations, she fails to create a genuine issue of material fact with respect to her hostile work environment claim.

        1.        <u>Plaintiff's Hostile Environment Claim Requires Conduct Which Is Severe, Pervasive And Overtly Discriminatory</u>

To avoid summary judgment on her harassment claim, Plaintiff must present evidence of harassing conduct overtly based on her race, color or national origin. <u>Jessamy v. New Rochelle</u>, No. 02 Civ. 10148 (WCC), 2003 U.S. Dist. LEXIS 21357, *31-32 (S.D.N.Y. Nov. 19, 2003) (attached as Ex. A) (dismissing racial harassment claim because plaintiff failed to "even allege conduct of an overtly racial character. . . .  [T]he absence of such conduct is a factual omission which is necessarily fatal to a race-based hostile work environment claim."); <u>Cooper v. John D. Brush & Co.</u>, 242 F. Supp. 2d 261, 269-70 (W.D.N.Y. 2003) (holding that single racial epithet, along with plaintiff's subjective feelings of harassment, were insufficient to establish racially hostile work environment; "To sustain a claim, the conduct in question must objectively and subjectively create a hostile work environment."); <u>Staff v. Pall Corp.</u>, 233 F. Supp. 2d 516, 545 (S.D.N.Y. 2002) (plaintiff's allegations that when he was promoted, he did not receive an office or subordinates to supervise, that his supervisor lied to him about anticipated work, and that his supervisor improperly accused him of insubordination were insufficient to establish racially hostile environment). <u>See</u> <u>Alfano v. Costello</u>, 294 F.3d 365, 377 (2d Cir. 2002) ("It is therefore important in hostile work environment cases to exclude from consideration personnel decisions that lack a linkage or correlation to the claimed ground of discrimination."); <u>Williams v. Westchester</u>, 171 F.3d 98, 101-02 (2d Cir. 1999)(affirming decision to set aside verdict for plaintiff on hostile work environment claim in the absence of evidence showing that

---

her, and that Mr. Hicks told her that she could not speak proper English and at time [sic] could not speak at all." (Pl. Opp., p. 9.)

the alleged acts were racially motivated); Dean v. Westchester County District Attorney's Office, 119 F. Supp. 2d 424, 429 (S.D.N.Y. 2000) (dismissing hostile work environment claim when plaintiff failed to allege concrete examples of discriminatory conduct; "Plaintiff merely states that she was subjected to harassment and believes that similarly situated white, male employees were treated better. However, the mere fact that plaintiff believes her environment was abusive or her treatment unfair is not enough to constitute a claim for hostile work environment. . . .").

In support of her claim that she experienced a hostile work environment, Plaintiff failed to cite a single instance of conduct overtly based on her race, color or national origin. Nor did Plaintiff cite a single case in which a hostile work environment claim survived summary judgment in the absence of such conduct.[2] Consequently, Panolam is entitled to summary judgment as a matter of law as to the Fourth Count of the Complaint.

### 2. Title VII Is Not A Civility Code

Plaintiff's hostile environment claim should also be dismissed because it is an attempt to convert Title VII into a general civility code. In essence, Plaintiff's claim is based on nothing more than her subjective feeling that Mr. Hicks and Ms. Bubier should have treated her more politely. For instance, on pages 13 to 15 of her Opposition Memorandum, Plaintiff claims that Mr. Hicks swore at her and failed to apologize when he made a mistake, that Ms. Bubier spoke harshly to her and that Ms. Bubier did not give her "the common courtesy of putting away [her coat] and settling in for work for the day" before she asked work-related questions.[3]

---

[2] Instead Plaintiff attempts to rely on Graham v. Long Island R.R., 230 F.3d 34 (2d Cir. 2000) and Norville v. Staten Island Univ. Hosp., 196 F.3d 89 (2d Cir. 1999) for the proposition that a plaintiff may raise an inference of discrimination by showing that she was treated less favorably than a similarly situated employee outside the protected group. Graham and Norville, however, involved discriminatory termination claims, not hostile work environment harassment claims. As set forth above, a hostile work environment cannot be inferred from facially neutral conduct. Thus, Graham and Norville do not support Plaintiff's position and are inapposite to her hostile work environment claim.

[3] At her deposition, Plaintiff identified <u>one</u> instance when Mr. Hicks used profanity around her. On that one

Title VII, however, is not a "general civility code." Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998). Although Title VII "protects employees from improper discriminatory intimidation[,] it does not reach so far as to protect plaintiffs from undiscriminating intimidation by bullish and abusive supervisors." Curtis v. Airborne Freight Corp., 87 F. Supp. 2d 234, 250 (S.D.N.Y. 2000). See Williams, 171 F.3d at 100-01 (plaintiff's subjective feeling that he was uncomfortable about his work environment held insufficient to create hostile work environment); Cooper, 242 F. Supp. at 270 ("That plaintiff felt he was 'picked on' is insufficient to support a hostile work environment claim."); Dean, 119 F. Supp. 2d at 429 ("[T]he mere fact that plaintiff believes her environment was abusive or her treatment unfair is not enough to constitute a claim for hostile work environment; it must be abusive to a reasonable person.").

Finally, Plaintiff failed to present evidence showing that Mr. Hicks' or Ms. Bubier's alleged discriminatory conduct interfered with her work performance.[4] The only alleged incident which even arguably affected Plaintiff's work performance was her claim that Mr. Hicks moved her cubicle to a distracting place in the office, thereby interfering with her ability to concentrate. (Pl. Opp., p. 13.) Plaintiff presented no evidence, however, to show that Mr. Hicks' decision was race-based. Moreover, there is no issue of fact that Plaintiff's move to a new cubicle was part of an overall re-arrangement of the Accounting Department and that

---

occasion, Mr. Hicks was upset about a discount Plaintiff misapplied. Plaintiff testified that Mr. Hicks told her that "if he's 'f-ing' doing my job then he should be the one that's getting paid for it." (Pl. Dep., p. 137; attached as Ex. 1 to the Affidavit of James F. Shea submitted in support of Defendant's Motion for Summary Judgment.) Although she was specifically asked, Plaintiff was unable to identify or recall a single other instance that Mr. Hicks used profanity. (Pl. Dep., p. 138.) Even the single instance identified by Plaintiff is completely devoid of any link to Plaintiff's race, color or national origin and thus, cannot support her hostile environment claim.

[4] In fact, Plaintiff asserts that she performed her job according to the usual procedures and only made clerical errors that were fixed according to policy. (Pl. Opp., p. 4.)

4

Plaintiff's replacement continues to sit in the same cubicle where Plaintiff was moved. (Affidavit of George James Hicks, ¶ 17.)

> B. <u>Plaintiff Failed To Create A Material Issue Of Fact Regarding The Termination Of Her Employment</u>

Panolam is entitled to summary judgment as to Plaintiff's discrimination claim in the First Count because Plaintiff failed to create a material issue of fact regarding the reasons for her termination of employment.[5] Plaintiff's claim fails because 1) she failed to present sufficient evidence to support an inference of discrimination as part of her prima facie case; and 2) if the Court finds that Plaintiff established a prima facie case of discrimination, there is no evidence that Panolam's legitimate, nondiscriminatory reason for her discharge, poor performance, was a pretext for discrimination and that, instead, she was terminated due to her race, color or national origin.

> 1. <u>Plaintiff Cannot Establish A Prima Facie Case Of Discrimination</u>

Under the <u>McDonnell Douglas</u> burden shifting analysis, Plaintiff must first establish a prima facie case of discrimination. To determine if Plaintiff met her

> initial burden of showing circumstances giving rise to an inference of discrimination, the function of the court on a summary judgment motion is to determine whether the proffered admissible evidence shows circumstances that would be sufficient to permit a rational finder of fact to infer a discriminatory motive. However, conclusory allegations of discrimination are insufficient to satisfy the requirements of Rule 56.

---

[5] Plaintiff appears to have abandoned her claim of disparate treatment based on her training as compared to that received by Michelle Gambardella. Plaintiff did not raise this issue in her Opposition Memorandum and, in any event, she conceded that Ms. Gambardella had a different title than her, performed different job duties, worked on a different product line and utilized a different computer software system. (Pl. Mem., pp. 2-3.) Thus, Plaintiff cannot establish that she was similarly situated to Ms. Gambardella. Consistent with the foregoing, Plaintiff's denial of Paragraph No. 8 of Defendant's Local Rule 56(a)(1) Statement regarding the training Mr. Hicks allegedly provided her is immaterial to her discrimination claim.

Staff, 233 F. Supp. 2d at 529 (citation omitted; internal quotations omitted) "The party opposing summary judgment may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible or upon the mere allegations or denials of the adverse party's pleading." Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d 14, 18 (2d Cir. 1995) (citations omitted; internal quotations omitted). See Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 204 (2d Cir. 1995); Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985).

Here, Plaintiff presented no evidence to show that she was subjected to racial slurs, jokes, or stereotypes at work. (Pl. Dep., p. 140.) Nor did she produce evidence of any incidents, statements or actions which indicate racial animus toward her. Instead, Plaintiff relies solely on Mr. Hicks' and Ms. Bubier's alleged race-neutral conduct and then concludes, absent any specific facts, that "white co-workers were treated more favorably" than her. (Pl. Opp., p. 17.)

The race-neutral conduct on which Plaintiff relies, coupled with her conclusory allegations of discrimination, is insufficient to support an inference of discrimination under the McDonnell Douglas burden shifting framework. In essence, Plaintiff asserts that unpleasant things happened to her at work, that she is a member of a protected class, and that, therefore, the Court should conclude that she was discriminated against. This is insufficient to avoid summary judgment. See Lizardo v. Denny's Inc., 270 F.3d 94, 104 (2d Cir. 2001) (affirming summary judgment despite some evidence that defendants may have treated white patrons more favorably; "Plaintiffs have done little more than cite to their mistreatment and ask the court to conclude that it must have been related to their race. This is not sufficient."); Lapsley v. Columbia Univ., 999 F. Supp. 506, 521 (S.D.N.Y 1998) (granting summary judgment on plaintiff's race

discrimination claim despite instances of alleged disparate treatment when evidence showed that the disparity was either non-existent or explained by legitimate, non-discriminatory reason).

Moreover, even if the evidence offered by Plaintiff were sufficient to create an inference of discrimination, such an inference is thoroughly undermined by the same actor inference. There is no genuine issue of material fact that Plaintiff was hired and fired by the same person, Mr. Hicks, within a nine-month period, and that Mr. Hicks is not a United States citizen. (Def. Mem., pp. 26-27.) Clearly, a strong inference exists that Mr. Hicks was not motivated to terminate Plaintiff because of her race, color or national origin when he hired her only nine months before her discharge. Plaintiff does not rebut, or even address, the same actor inference in her Opposition Memorandum.

2. Plaintiff Cannot Establish That Panolam's Legitimate, Non-discriminatory Reason For Her Termination Was A Pretext For Discrimination

If the Court determines that Plaintiff established a prima facie case of discrimination, Panolam is entitled to summary judgment nonetheless because Plaintiff failed to demonstrate that Panolam's legitimate, nondiscriminatory reason for her discharge, poor performance, was false and that discrimination was the real reason for her termination. To establish pretext, "the plaintiff must produce not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the defendants were false, and that more likely than not [discrimination] was the real reason for the [employment action]." Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000) (internal quotations omitted; citation omitted).

In support of its Motion for Summary Judgment, Panolam presented contemporaneous documentary evidence of Plaintiff's performance problems supported by an

affidavit from her supervisor, Mr. Hicks. (Def. Mem., p. 28.) In her Opposition Memorandum, Plaintiff did not dispute the authenticity of this documentary evidence or challenge the veracity of Mr. Hicks' opinion of her work performance. Thus, the undisputed evidence, as set forth in Mr. Hicks' affidavit and supporting documents, is that Mr. Hicks believed in good faith that Plaintiff was a poor performer and that he terminated her for that reason.

Instead, Plaintiff attempted to create an issue of material fact by asserting that Mr. Hicks: 1) never discussed her performance problems with her and 2) on one occasion, falsely accused her of poor performance.[6] (Pl. Opp., p. 18.) It is well-established, however, that an employer's failure to communicate performance problems to an employee does not create a genuine issue of material fact precluding summary judgment.[7] <u>Fagan v. New York State Elec. & Gas Corp.</u>, 186 F.3d 127, 134-35 (2d Cir. 1999) (finding that failure to notify plaintiff of performance deficiencies before termination would not allow an inference that the articulated reason for the termination was pretextual); <u>Lee v. American Int'l Group, Inc.</u>, 99 Civ. 1334 (AGS), 2001 U.S. Dist. LEXIS 1824 at *42-43 (S.D.N.Y. Feb. 22, 2001)("a mere lack of notice of performance deficiencies is insufficient to defeat summary judgment on a discrimination claim"), <u>aff'd in part and vacated in part on other grounds</u>, 2002 U.S. App. LEXIS 5975 (2d Cir. Apr. 3, 2002)(Ex. B); <u>Lapsley</u>, 999 F. Supp. at 521, 523-24 (dismissing claim where plaintiff had not received an evaluation before being terminated). It is also well-established that Plaintiff's perceptions of her performance, even where they differ from those of her supervisor, are

---

[6] As a preliminary matter, these two assertions conflict with each other. If Mr. Hicks falsely accused Plaintiff of poor performance, even on one occasion, then Mr. Hicks spoke to Plaintiff about her performance and Plaintiff's first assertion is untrue.

[7] The Court should disregard Plaintiff's attempts to deny Paragraphs Nos. 9 to 13 of Defendant's Local Rule 56(a)(1) Statement. The documents referenced in those paragraphs speak for themselves. Plaintiff's claim that the information in those documents was not communicated to her does not negate the contents of those documents or the fact that Mr. Hicks prepared those documents and relied on the information in those documents.

insufficient to create a genuine issue of material fact precluding summary judgment. <u>Byrnie v. Town Of Cromwell Public Sch.</u>, 73 F. Supp. 2d 204, 214 (D. Conn. 1999) (finding that plaintiff's own opinion about his qualifications "f[ell] short of establishing a dispute about the genuineness of the Selection Committee's assessment of his qualifications"), <u>rev'd on other grounds,</u> 243 F.3d 93 (2d Cir. 2001); <u>Bullington v. United Air Lines, Inc.</u>, 186 F.3d 1301, 1317-18 (10th Cir.1999) (holding that plaintiff's own opinion about her qualifications and the fairness of the interviewers' assessments of her was not evidence of pretext); <u>Ost v. West Suburban Travelers Limousine, Inc.</u>, 88 F.3d 435 (7th Cir. 1996) (noting "that a plaintiff's own opinions about her work performance or qualifications do not sufficiently cast doubt on the legitimacy of her employer's proffered reasons for its employment actions.").

      C.    <u>Plaintiff Failed To Create An Issue Of Material Fact As To Whether Panolam Entered Into A Contract To Give Plaintiff A 90-Day Performance Evaluation.</u>

In support of her breach of contract claim in the Second Count, Plaintiff simply asserted that Panolam's offer letter constituted a contract of employment which Panolam breached when Plaintiff did not receive a 90-day performance review. (Pl. Opp., pp. 18-19.) Plaintiff's claim ignores the plain language of the offer letter which makes clear that Panolam did not intend the offer letter to constitute a contractual commitment to Plaintiff. The letter specifically states, "This letter and offer of employment and any previous or future conversation with any member of the management of Panolam Industries International, Inc. <u>is not intended and should not be construed as a contract of employment between you and Panolam</u>. You have the right to terminate the employment relationship at any time and Panolam reserves the same right." (Shea Aff., Ex. 2; emphasis added.)

There is no genuine issue of material fact as to Plaintiff's breach of contract claim when Panolam expressly disclaimed its intent to enter into a contractual agreement based on its offer letter to Plaintiff. Accordingly, Panolam is entitled to summary judgment as a matter of law as to the Second Count.

D. <u>Plaintiff Failed To Present Evidence Showing That Panolam Engaged In Extreme And Outrageous Conduct Sufficient To Support Her Intentional Infliction Of Emotional Distress Claim</u>

On pages 19 and 20 of her Opposition Memorandum, Plaintiff asserted in conclusory fashion that Panolam's "harassing and intimidating" conduct amounted to extreme and outrageous conduct.[8] Plaintiff failed to cite even a single case where a claim for intentional infliction of emotional distress survived summary judgment on this basis. Indeed, intentional infliction of emotional distress claims substantiated by far more compelling evidence have been held insufficient as a matter of law. (See cases cited in Def. Mem., pp. 35-38.)

                                               THE DEFENDANT,
PANOLAM INDUSTRIES
INTERNATIONAL, INCORPORATED

By: _____
James F. Shea (ct16750)
Sarah C. Baskin (ct 13570)
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT 06105
(860) 522-0404

---

[8] Plaintiff appears to have abandoned her claim of negligent infliction of emotional distress in the Fifth Count by failing to raise any arguments supporting that claim in her Opposition Memorandum. There is simply no evidence in this case of unreasonable conduct in the termination process. (Pl. Opp., p. 5.) Plaintiff also appears to have abandoned her claim under 42 U.S.C. § 1983 (Fourth Count) by failing to dispute Panolam's claim that it did not act under color of state law. Thus, Panolam requests that summary judgment be ordered as to both of these claims.

CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first-class mail, postage prepaid, on this 5th day of January 2004, to the following counsel of record:

>Ikechukwu Umeugo
>Umeugo & Associates, P.C.
>840 Orange Avenue, 2nd Floor
>West Haven, CT 06516

>Attorneys for Plaintiff

_____
James F. Shea

H:\Client Folder\P\Panolam Industries\Rose\Usdc\MSJ\Panolam Reply Brief4.doc
54229