UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

SHERON ROSE

    VS.                                                    CIVIL 3:02CV1806(GLG)

PANOLAM INDUSTRIES INT'L INC.

RULING ON DEFENDANT'S VERIFIED BILL OF COSTS

Judgment entered for the defendant on February 4, 2004, after a ruling entered granting defendant's motion for summary judgment. Defendant filed a Verified Bill of Costs on March 12, 2004. Plaintiff filed an objection on March 19, 2004. For the reasons stated below, the defendant's verified bill of costs is granted in part and denied in part.

A. <u>FEES FOR COURT REPORTER</u>: Defendant is entitled to costs for an original and one copy of a transcript and any court reporter attendance fees, to be taxed at the prevailing page rate pursuant to Local Rule 80. Pursuant to Vol. VI, Chap. XX of the "Guide to Judiciary Policies and Procedures", maximum transcript rates for an original and one copy are $3.75 per page. Postage and handling and charges for delivery of transcripts are not recoverable as costs, <u>Wahl v Carrier Mfg. Co., Inc.</u> 511 F.2d 209, 217 (7th Cir.,1975). Deposition transcripts are taxable if used at trial in lieu of live testimony, for cross-examination, for impeachment, or in support of a successful motion for summary judgment pursuant to Local Rule 54(c)2(ii).

Defendant submitted a claim for the deposition transcript of the plaintiff, Sheron

1

Rose, held on April 22, 2003, in the amount of $852.93. This claim is reduced to $678.75 (181 pages @ $3.75 per page) plus $80.00 (appearance fee) plus sales tax (49.98) for a total of $808.73.

B <u>FEES FOR COPIES</u>:   Defendant submitted a claim for copies of exhibits appended to the motion for summary judgment in the amount of $50.70 which is allowed.

C. <u>SUMMARY</u>:   For the reasons previously stated, the defendant's bill of costs is allowed as follows:

| | |
|---|---|
| FEES FOR COURT REPORTER | $ 808.73 |
| FEES FOR COPIES | 50.70 |
| TOTAL | $ 859.43 |

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated in New Haven, Connecticut, this 23rd day of March, 2004.

KEVIN F. ROWE, CLERK

BY:
   Lori Inferrera
   Deputy-in-Charge